**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                                          )<br>            Plaintiff-Respondent,    )<br>                                                          )<br>vs.                                                   )<br>                                                          )<br>DESIRAY J. ALLEN,                        )<br>                                                          )<br>            Defendant-Movant.         ) | Case No. CR-04-32-M<br>             (CIV-06-1013-M) |

**ORDER**

Defendant-Movant Desiray J. Allen ("Allen"), a federal prisoner, filed, pursuant to 28 U.S.C. § 2255, a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on September 18, 2006 and filed a supplement to his § 2255 motion on October 2, 2006. On October 18, 2006, plaintiff-respondent United States of America filed a Motion for Summary Dismissal of and Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255. On November 8, 2006, Allen filed his traverse to the government's response.

I.    Introduction

On January 28, 2004, Allen was charged in a one-count Complaint with robbing Intrust Bank in Oklahoma City, Oklahoma. On March 2, 2004, Allen was charged in a two-count Information with robbing Local Oklahoma Bank in Yukon, Oklahoma (Count 1) and with being a felon in possession of ammunition (Count 2). On May 22, 2004, pursuant to a plea agreement, Allen entered a guilty plea to Counts 1 and 2 of the Information. As part of his plea agreement, Allen waived his right to appeal or collaterally challenge his sentence and conviction.

On August 18, 2004, Allen was sentenced. Because of the United States Supreme Court's recent decision in *Blakely v. Washington*, 542 U.S. 296 (2004), the Court imposed three sentences

– the guideline sentence and two alternative sentences.[1] Allen filed a direct appeal of his sentence. On June 8, 2005, the United States Court of Appeals for the Tenth Circuit vacated Allen's sentence in light of *United States v. Booker*, 543 U.S. 220 (2005). On September 23, 2005, Allen was resentenced to a term of imprisonment of 97 months for each count to run concurrent with each other. Allen did not appeal this sentence.

II.     Discussion

In his § 2255 motion, Allen asserts (1) his sentence is the result of a fundamental defect because points were added for a firearm when there was no credible evidence of a firearm; (2) the district court was without jurisdiction to accept, calculate, or consider any gun enhancement; (3) his conviction for possession of ammunition was a violation of the Due Process Provision of the Constitution because such charge was not listed in an indictment; and (4) his conviction for possession of ammunition was a manifest injustice because the charge was adopted from the state. The government contends that Allen's claims should be dismissed because they are barred by the waiver of collateral review rights provision contained in his plea agreement.

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). The Tenth Circuit has adopted a three-prong analysis for evaluating the enforceability of a

---

[1] The Court imposed a guideline sentence of 97 months' imprisonment for each count to run concurrent with each other, a first alternative sentence of 120 months' imprisonment for both counts to run concurrent with each other to be imposed if the United States Sentencing Guidelines were later found to be unconstitutional, and a second alternative sentence of 63 months' imprisonment for each count to run concurrent with each other to be imposed if only the sentencing enhancement provisions of the United States Sentencing Guidelines were held to be unconstitutional.

plea agreement containing a waiver of appellate rights. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).[2] When assessing the enforceability of a plea agreement containing a waiver of rights, courts must determine: "(1) whether the disputed [issue] falls within the scope of the waiver . . .; (2) whether the defendant knowingly and voluntarily waived his . . . rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *Id.* at 1325.

      A.     <u>Scope of the waiver</u>

In determining the scope of a waiver of collateral rights, a court strictly construes the language thereof and resolves any ambiguities against the government. *Id.*

Paragraph 8 of Allen's plea agreement provides:

> Defendant understands that a sentencing guideline range for his case will be determined by the Court under the guidelines issued by the U.S. Sentencing Commission. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty. Defendant further understands that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, give him the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to:
>     a.    Appeal or collaterally challenge his guilty plea and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;
>     b.    Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the applicable guideline range determined by the Court to apply to this case.

---

[2] The same standard applies to waivers of collateral review. *United States v. Wales*, No. 05-3445, 2006 WL 950655, at *2 (10th Cir. April 13, 2006).

> Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7 concerning the application of the U.S. Sentencing Guidelines.
>
> c. It is provided that (i) defendant specifically does not waive the right to appeal an upward departure from the sentencing guideline range determined by the Court to apply to this case, and (ii) his waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on changes in the law reflected in Tenth Circuit or Supreme Court cases decided after the date of this agreement that are held by the Tenth Circuit or Supreme Court to have retroactive effect.

Plea Agreement at ¶ 8 [docket no. 23].

The Court finds that the above-quoted provision effects a broad and unambiguous waiver of Allen's appeal and collateral attack rights. In his traverse, Allen asserts that this waiver cannot apply to his claim that the district court did not have jurisdiction because the gun enhancement and the possession of ammunition charge were not charged in an indictment but were charged only in an information. The Court finds, however, that Allen's jurisdictional claim is without merit. Federal Rule of Criminal Procedure 7(b) provides:

> **(b) Waiving Indictment.** An offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant – in open court and after being advised of the nature of the charges and of the defendant's rights – waives prosecution by indictment.

Fed. R. Crim. P. 7(b). During the plea hearing, Allen specifically waived his right to indictment and signed a Waiver of Indictment. *See* Transcript of Change of Plea at 13, ln. 7-10; Waiver of Indictment [docket no. 24]. Accordingly, the Court finds that there is no jurisdictional defect in this case.

4

The Court further finds that the remaining grounds for relief Allen asserts in his § 2255 motion fall within Allen's waiver of collateral attack rights, and specifically within paragraph 8(b) of the Plea Agreement.

### B. Knowing and voluntary

A defendant bears the burden to show that he did not knowingly and voluntarily enter into his plea agreement. *Hahn*, 359 F.3d at 1329.[3] When deciding whether a waiver is knowing and voluntary, courts look to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and (2) the adequacy of the Federal Rule of Criminal Procedure 11 colloquy. *Id.* at 1325.

In this case, the plea agreement expressly provides that Allen knowingly and voluntarily waives his right to appeal or collaterally challenge his conviction and sentence. Plea Agreement at ¶ 8. The plea agreement further provides, in the paragraph immediately preceding Allen and his attorney's signatures, that "defendant acknowledges that he has discussed [the plea agreement's] terms with his attorney and understands and accepts those terms." *Id.* at ¶ 17.

Additionally, the Court finds that the record of the Rule 11 colloquy of Allen's guilty plea shows unequivocally that Allen knowingly and voluntarily tendered his plea of guilty pursuant to the plea agreement. During his change of plea hearing, the Assistant United States Attorney prosecuting the case summarized the relevant terms and conditions of the plea agreement, in pertinent part, as follows: "There is a waiver of right to appeal and to bring collateral challenge except in certain limited circumstances." Transcript of Change of Plea at 9.

---

[3] The Court would note that Allen has neither asserted nor presented any evidence that he did not knowingly and voluntarily enter into his plea agreement.

The Court then questioned defendant's counsel as to the Assistant United States Attorney's summation of the agreement, and defendant's counsel stated that it was an accurate representation of the plea agreement. *Id.* The Court then engaged in the following colloquy with Allen:

> THE COURT: Mr. Allen, you have heard the terms of your plea agreement described here in open court. Is what has been said, does it accurately reflect your understanding of what you are agreeing to in that plea agreement?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: I want to ask you, Mr. Allen, about one of the terms of that plea agreement. You have waived or given up your right to appeal the final decision or the sentence of this Court that it will issue in the future, except under limited circumstances. If the Court, for example, should depart upward from the established sentencing guideline range, then your right to appeal would be restored to you. I'm just trying to see if you understand what you are giving up in giving up your right to appeal the decision of this Court, except under limited circumstances. What does it mean to you to give up your right to appeal?
>
> THE DEFENDANT: Saying that I can't go to a higher – a higher judge to try to get my time reduced. I have to accept my time that you give me.

*Id.* at 9-10.

In light of the above, the Court finds that Allen knowingly and voluntarily entered into his plea agreement and knowingly and voluntarily waived his right to collaterally challenge his sentence and conviction.

### C. Miscarriage of Justice

A "miscarriage of justice" results only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory

6

maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)). A waiver is "otherwise unlawful" only if the court committed plain error that affects a defendant's "substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993); *see also Hahn*, 359 F.3d at 1327, 1329. To affect a defendant's "substantial rights," the error must seriously affect "the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (internal quotations omitted); *see also Hahn*, 359 F.3d at 1327, 1329.

The Court begins by noting that Allen has not alleged the Court relied upon any impermissible factor at sentencing. Additionally, Allen's sentence of 97 months' incarceration is below the statutory maximum of twenty years under 18 U.S.C. § 2113(a) for bank robbery and the statutory maximum of ten years under 18 U.S.C. § 922(g)(1) for felon in possession of ammunition. The Court further notes that Allen has not alleged that enforcing his waiver of collateral attack rights will result in a miscarriage of justice. Finally, after carefully reviewing Allen's grounds for relief, the Court independently concludes that enforcement of his collateral attack waiver will not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

Accordingly, for the reasons set forth above, the Court finds that Allen's waiver of his right to collaterally challenge his conviction and sentence should be enforced and that the claims Allen asserts in his § 2255 motion should be dismissed.

III.     Conclusion

The Court, therefore, DISMISSES Allen's § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 4th day of April, 2007.**

/s/ Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE